UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No: 3:98cr215 (PCD) |
| | : | |
| SHERMAN L. BALDWIN, JR. | : | |

**RULING ON DEFENDANT'S MOTION FOR RECONSIDERATION
OF ORDER GRANTING WRIT OF GARNISHMENT ON EARNINGS**

At issue is Defendant's Motion for Reconsideration [Doc. No. 41], filed with this Court on July 5, 2006. Defendant requests that the Court reconsider its Order granting the Writ of Garnishment on Defendant's earnings. (See Doc. Nos. 38, 39.) The government filed its response to Defendant's motion, enunciating its reasons for seeking garnishment. The government also asks for clarification as to the amount that may be garnished. For the reasons that follow, Defendant's Motion for Reconsideration [Doc. No. 41] is **granted**, however the Court will **adhere to** its prior Order.

**I. BACKGROUND**

Defendant pled guilty to the interstate transportation of money obtained by fraud, and was sentenced by this Court on June 4, 1999. Defendant was ordered incarcerated for a period of twelve months and one day, followed by a three-year term of supervised release. In addition, Defendant was also ordered to pay a $100.00 special assessment and restitution in the amount of $526,346.00.

Defendant paid his special assessment when first incarcerated (during the months of August 1999 through November 1999), and thereafter made an additional four payments, totaling $100.00 toward his restitution debt. Defendant has continued to make restitution payments while

on supervised release, and to date, has paid a total of $8,000.00 and has a remaining restitution debt of $518,346.00. (See Exh. A to Gov't Resp.)[1]

In January 2005, Defendant was licensed as a United States Merchant Marine Officer, however, during the first six months of 2005—with his supervision ending in April 2005—Defendant made just three payments totaling $300.00. Sometime after graduation, Defendant obtained a job with American Cruise Lines, Inc. as a first officer. By letter dated April 21, 2005, the government demanded payment from Defendant and served upon him a financial discovery request. The government represents that Defendant failed to respond to the government's demand or its discovery request. (See Gov't Resp. 2.)

According to Defendant, his job with American Cruise Lines, Inc. required "many" weeks at sea followed by two weeks off-duty. (See Def.'s Mot. Recons. 3.) In June 2005, when Defendant was "off-duty," he checked his Post Office Box, as he was unable to obtain mail while at sea. (Id.) There he found the government's payment demand and financial discovery request, however, the allotted thirty-day response time had already passed. (Id.) Accordingly, Defendant represents that he contacted the government and was informed that it was necessary for his employer to send a letter to the U.S. Attorney's office setting out Defendant's work schedule and confirming that he was out to sea during the time in question. (Id.) Defendant, however, had not informed his employer about his criminal history when he was considered for the position and as a result, did not want to inform his employer at that point. (Id. at 3-4.) Defendant asserts that although he "had expressly informed the U.S. Attorney's office of his total cooperation[,] this

---

[1]     Exhibit A shows that Defendant has made payments in amounts ranging from $75.00 to $1,500.00 from May 2001 through March 2006, for a total of $8,000.00 over this period.

was apparently insufficient." (Id. at 4.)  Defendant returned to his ship on or about June 14, 2005. (Id.)

In light of Defendant's default in payments and failure to respond to the government's demand or discovery request, the government filed a wage garnishment application with this Court on August 19, 2005.[2]  Defendant failed to respond to the application, and as a result, the government caused his employer to be served with the garnishment process six months later, on February 20, 2006.  On March 4, 2006, Defendant's employer, American Cruise Lines, Inc., filed its Answer indicating that Defendant was no longer employed.

The government contacted Defendant by telephone on May 4, 2006.  Defendant had obtained new employment[3] and was/is earning about $30,000.00 annually.  Discussions between the parties ensued and on May 9, 2006, the government sent a second financial discovery request to Defendant, who responded in a timely manner.  Based on Defendant's responses, the government prepared and sent him a proposed Stipulation.  The proposed Stipulation provided, in relevant part, that in lieu of garnishing his wages from his new employer (calculated at about $500.00 per month), the government would instead accept voluntary monthly payments of $100.00 from May through August 2006, which amount would thereafter increase to $350.00 per month.  The Stipulation also included standard reservation of rights and provided that either party could seek modification of its terms.

---

[2] The government served a copy of the wage garnishment application on Defendant.  Although the government typically obtains garnishments *ex parte*, the government represents that it wanted, in this case, to provide Defendant with every opportunity to discuss the matter before proceeding with the garnishment process.  (See Gov't Resp. 2 n.2.)

[3] According to the government, Defendant is believed to be employed at Mega Sound and Light, LLC, in Danbury, Connecticut.  (See Gov't Resp. 2 n.3.)

Shortly after Defendant received the proposed Stipulation, he refused to execute it, and continued to be in default of his payment obligations. Accordingly, on June 15, 2006, the government filed a second garnishment application, which was granted on June 16, 2006.[4] The Writ of Garnishment issued by this Court on June 16, 2006 is the subject of Defendant's Motion for Reconsideration.

## II.  DISCUSSION

### A.  Wage Garnishment

Defendant seeks reconsideration of this Court's issuance of the Writ of Garnishment, arguing that the government's garnishment process, served on his previous employer, American Cruise Lines, Inc., resulted in the termination of his employment. (See Def.'s Mot. Recons. 3-4.) Moreover, Defendant asserts that because of this "debacle," he will now have difficulty obtaining a job on any passenger vessel. (Id. at 4.) The use of wage garnishment as a collection remedy, however, has long been recognized and accepted at law. Moreover, the reasons for Defendant's termination from American Cruise Lines, Inc. are unknown. The Writ of Garnishment issued by this Court states, in pertinent part, that:

> Pursuant to 15 U.S.C. § 1674, the Garnishee is prohibited from discharging the defendant from employment by reason of the fact that defendant's earnings are subject to garnishment for any one indebtedness.

(Writ of Garnishment 3, Doc. No. 39.) Accordingly, this Court will not speculate as to the reasons for Defendant's discharge.

It is clear from the record established that Defendant had an opportunity to resolve the

---

[4] The government notes that it again served a copy of the wage garnishment application on Defendant rather than proceeding *ex parte*. Moreover, it has not yet served Defendant's current employer with the garnishment process.

matter amicably with the government before the garnishment was served on his former employer. Moreover, it appears that Defendant has continued to be uncooperative in subsequent discussions. If Defendant can demonstrate his ability to stay current with his restitution payments, then he can make arrangements with the Assistant U.S. Attorney to avoid this problem in the future. This Court, however, will not rescind its Writ of Garnishment at this time.

### B. Clarification of Amount Subject to Garnishment

The initial judgment entered by this Court on June 4, 1999 provided that restitution is "payable at the rate of $100.00 per month." On December 23, 2002, this Court entered an Order revoking supervised release, at which time the monthly payment rate was increased to $200.00. In an electronic order entered on June 15, 2006, denying Defendant's Motion for Post-Judgment Restitution Hearing, this Court ordered that restitution payments "will remain at $100.00/month unless there is a basis for a request to the contrary."

The government has heretofore refrained from serving garnishment process on Defendant's employer in an effort to resolve these issues first. As a result, the government is unable to confirm Defendant's current income. The most recent financial information provided by Defendant, dated May 16, 2006, indicates that his monthly gross income is $2,500.00 and that his monthly net income is $2,154.56. The government is permitted by law to garnish up to twenty-five percent of Defendant's net income.[5] If Defendant's income information is accurate, the garnishment will total $538.50 per month.

The government argues that it should be entitled to garnish the full amount permitted by

---

[5] The full amount allowed by law is twenty-five percent (25%) of a debtor's net earnings, as defined in the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq.

law. In support of this argument, the government first asserts that Defendant has been in default of his payment obligations for years and has, at times, only sporadically paid his restitution debt. The payment history report shows that Defendant has not made a payment since March, 10, 2006, when he made a $200.00 payment. (See Exh. A to Gov't Resp.)

Second, the government asserts that it has reduced Defendant's restitution debt to a civil judgment pursuant to 18 U.S.C. § 3613.[6] The Second Circuit has recognized that "[t]he significance of [a payment] schedule is diminished . . . by the fact that the victim may convert the restitution order into an abstract of judgment for the full amount of the restitution order, which 'shall be a lien on the property of the defendant . . . in the same manner and to the same extent and under the same conditions as a judgment of a court of general jurisdiction in that State.'" United States v. Walker, 353 F.3d 130, 133 (2d Cir. 2003) (citing 18 U.S.C. § 3664(m)(1)(B)); Moreover, a payment schedule imposed by this Court is merely one means available to the government to enforce the restitution judgment. Pursuant to 18 U.S.C. § 3613(a), the government has the power to enforce an order of restitution 'in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law.'" United States v. James, 312 F. Supp. 2d 802, 807 (E.D. Va. 2004). Garnishment is clearly authorized by federal law. See 28 U.S.C. § 3205.

Even if Defendant is asserting an inability to pay other debts and expenses should this Court permit the government to garnish the full amount permitted by law, such a defense is not

---

[6] This section provides, *inter alia*, that "The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a).

permitted under 28 U.S.C. § 3202(d).[7]  Moreover, Congress requires that defendants be ordered to make full restitution "without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A).  Restitution is not punishment; it is simply "an act of restoring to the proper owner something taken away."[8] James, 312 F. Supp. 2d at 807 (quoting Webster's II New Riverside University Dictionary (1984)).  In this case, Defendant stole hundreds of thousands of dollars and it is only just that he be required to restore this property to its rightful owner.

**III.  CONCLUSION**

For the foregoing reasons, Defendant's Motion for Reconsideration [Doc. No. 41] is **granted**, however, the Court will **adhere to** its prior Order.  Although Defendant does not want garnishment to be served on his employer, the government has demonstrated his unwillingness to comply with the payment schedule.  Defendant may make arrangements with the Assistant U.S. Attorney for an alternate payment plan; this Court holds only that the government is permitted to garnish his wages if they find it necessary to do so.  Moreover, the record is clarified to reflect that the Writ of Garnishment authorizes the garnishment of twenty-five percent (25%) of Defendant's net earnings.

SO ORDERED.

Dated at New Haven, Connecticut, July  17 , 2006.

---

[7]  28 U.S.C. § 3202(d) provides, in pertinent part, that the issues that the judgment debtor may raise at a hearing to quash an order of garnishment are limited: "(1) to the probable validity of any claim of exemption by the judgment debtor; [and] (2) to compliance with any statutory requirement for the issuance of the postjudgment remedy granted."

[8]  With respect to the issue of punishment, it should be noted that Defendant was not required to pay any criminal fine for his offense or any interest on his restitution obligation.

                                        /s/
                     Peter C. Dorsey, U.S. District Judge
                        United States District Court